UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH HOWARD, *et al*.,

    Plaintiffs,

v

THE CITY OF DETROIT, *et al*.,

    Defendants.

No. 2:20-cv-10382-NGE-DRG

HON. NANCY G. EDMUNDS

MAG. DAVID R. GRAND

**STATE DEFENDANTS'
MOTION TO DISMISS**

---

Cynthia Heenan (P53664)
Attorney for Plaintiffs
Constitution Litigation Associates
220 Bagley Street, Suite 740
Detroit, MI 48226
313-922-5130

Rami N. Fakhouri
Betsy Farrington
Samuel Schoenburg (admission pending)
Attorneys for Plaintiffs
Goldman Ismail Tomaselli Brennan
and Baum LLP
200 South Wacker Drive, 22nd Floor
Chicago, IL 60606
312-681-6000

James D. Noseda (P52563)
Charles N. Raimi (P29746)
Attorneys for Defendant City of
Detroit
City of Detroit Law Department
Two Woodward Avenue
Detroit, MI 48226
313-237-3057 / 5037

Blair Daniels (P81030)
Assistant Corporation Counsel
Attorney for Defendant Wayne County
400 Monroe, Suite 660
Detroit, MI 48226
313-967-2203

Matthew B. Hodges (P72913)
Michael S. Hill (P73084)
Attorneys for Defendants David A.
Buick, W. Howard Morris,
& Leonard D. Kutschman
Michigan Dep't of Attorney General
Revenue and Tax Division
PO Box 30754
Lansing, MI 48909
517-335-7584

## STATE DEFENDANTS' MOTION TO DISMISS

Defendants, David A. Buick, W. Howard Morris, and Leonard D. Kutschman, named in their official capacities, through their attorneys, Attorney General Dana Nessel and Assistant Attorneys General Matthew B. Hodges and Michael S. Hill, move to dismiss Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  Defendants are two Commissioners and the Executive Secretary of the Michigan State Tax Commission ("Commission").

Dismissal is proper on the following grounds.  First, the Tax Injunction Act, 28 U.S.C. § 1341 and the principles of comity bar this suit, which seeks to enjoin the property tax assessment and collection processes set under Michigan law. Contrary to Plaintiffs' allegations, Michigan law provides an adequate remedy for property owners aggrieved by the City of Detroit's 2017 property tax assessments; including anyone alleging inadequate notice to participate in the City's administrative process.  In this case, there is no allegation that any Plaintiff was denied the opportunity to appeal their 2017 property tax assessment for any reason, let alone due to purportedly untimely notices.  Second, the complaint fails to make any specific factual allegations against the Commission and instead lumps them in with conclusory legal allegations raising due process violations under a respondeat superior theory.  This does not comply with Rule 8 pleading requirements as interpreted by *Iqbal* and *Twombly*.

Third, the complaint appears to only seek prospective injunctive relief as to the Commission, which is moot since the Commission ended its involvement with the City's reappraisal project in August 2017.  To the extent the complaint could be remotely construed to be seeking monetary relief as to the Commission, such relief is barred by the Eleventh Amendment.  The Commission is created by Michigan law and is an arm of the State of Michigan and housed within the Department of Treasury.  Accordingly, it is immune from any claim for monetary relief here.

Finally, since this Court lacks jurisdiction over Plaintiffs' Federal due process claim brought under 42 U.S.C. § 1983, it should decline to assert supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c), over Plaintiffs' pendent state due process claim under Mich. Const. art. 1, § 17.  Even if this Court asserts jurisdiction over such claims, Plaintiffs still fail to state a plausible claim for relief because any claim is barred by Mich. Comp. Laws § 600.6431(1).  Plaintiffs did not file suit, or a notice of intent to file suit, in compliance with that provision.

[*Space left intentionally blank*]

As required by Local Rule 7.1(a), undersigned counsel sought concurrence regarding the instant motion, which Plaintiffs declined.

Respectfully submitted,

Dana Nessel
Attorney General

/s/ *Matthew B. Hodges*
Matthew B. Hodges (P72193)
Michael S. Hill (P73084)
Assistant Attorneys General
Attorneys for Defendants David A.
Buick, W. Howard Morris,
& Leonard D. Kutschman
Revenue and Tax Division
P.O. Box 30754
Lansing, MI 48909
517-335-7584
HodgesM@michigan.gov
HillM19@michigan.gov

Dated: April 24, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2020, I electronically filed the above document with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/ *Matthew B. Hodges*
Matthew B. Hodges (P72193)
Assistant Attorney General
Attorneys for Defendants David A.
Buick, W. Howard Morris,
& Leonard D. Kutschman
Revenue and Tax Division
P.O. Box 30754
Lansing, MI 48909
517-335-7584
HodgesM@michigan.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH HOWARD, *et al*.,                    No. 2:20-cv-10382-NGE-DRG

    Plaintiffs,                          HON. NANCY G. EDMUNDS

v                                            MAG. DAVID R. GRAND

THE CITY OF DETROIT, *et al*.,               **STATE DEFENDANT'S BRIEF**
                                             **IN SUPPORT OF MOTION TO**
    Defendants.                          **DISMISS**

---

Cynthia Heenan (P53664)
Attorney for Plaintiffs
Constitution Litigation Associates
220 Bagley Street, Suite 740
Detroit, MI 48226
313-922-5130

Rami N. Fakhouri
Betsy Farrington
Samuel Schoenburg (admission pending)
Attorneys for Plaintiffs
Goldman Ismail Tomaselli Brennan
and Baum LLP
200 South Wacker Drive, 22nd Floor
Chicago, IL 60606
312-681-6000

James D. Noseda (P52563)
Charles N. Raimi (P29746)
Attorneys for Defendant City of
Detroit
City of Detroit Law Department
Two Woodward Avenue
Detroit, MI 48226
313-237-3057 / 5037

Blair Daniels (P81030)
Assistant Corporation Counsel
Attorney for Defendant Wayne County
400 Monroe, Suite 660
Detroit, MI 48226
313-967-2203

Matthew B. Hodges (P72913)
Michael S. Hill (P73084)
Attorneys for Defendants David A.
Buick, W. Howard Morris,
& Leonard D. Kutschman
Michigan Dep't of Attorney General
Revenue and Tax Division
PO Box 30754
Lansing, MI 48909
517-335-7584

## STATE DEFENDANTS' BRIEF IN SUPPORT OF
## MOTION TO DISMISS

Dana Nessel
Attorney General

/s/ *Matthew B. Hodges*
Matthew B. Hodges (P72193)
Michael S. Hill (P73084)
Assistant Attorneys General
Attorneys for Defendants David A.
Buick, W. Howard Morris,
& Leonard D. Kutschman
Revenue and Tax Division
P.O. Box 30754
Lansing, MI 48909
517-335-7584
HodgesM@michigan.gov
HillM19@michigan.gov

Dated:  April 24, 2020

# TABLE OF CONTENTS

Page

Index of Authorities .................................................................................... iii

Concise Statement of Issues Presented ................................................... viii

Controlling or Most Appropriate Authority............................................. ix

Intorduction ..................................................................................................1

Statement of Facts .......................................................................................2

Argument.......................................................................................................4

I.      The Court lacks jurisdiction and must dismiss.................................4

        A.      Standard of Review. ..............................................................4

        B.      Principles of Comity support dismissal.................................4

        C.      The Tax Injunction Act requires dismissal. ..........................6

        D.      Comity and the TIA employ the same test, which requires
                dismissal here since Michigan law provides an adequate
                remedy. ..................................................................................6

II.     Plaintiffs fail to state a plausible claim for relief against the
        Commission. .....................................................................................9

        A.      Standard of Review. ............................................................11

        B.      Plaintiffs' Count I is barred by the Eleventh Amendment, and
                any *Ex Parte Young* claim for prospective injunctive relief is
                moot.......................................................................................12

                1.      The Eleventh Amendment bars both the federal and state
                        law claims against the Commission..........................12

                2.      Plaintiffs do not allege plausible ongoing irreparable
                        harm..........................................................................14

i

C.   Plaintiffs do not plead any plausible facts showing the Commission violated Plaintiffs' due process rights, and any such claims are untimely under state law.............................................15

1.   Plaintiffs fail to plead a plausible state due process violation claim against the Commission....................................16

2.   Any pendent state law claims against the Commission are barred by Mich. Comp. Laws § 600.6431. ...............................18

Conclusion and Relief Requested ..........................................................20

Certificate of Service ...............................................................22

ii

# INDEX OF AUTHORITIES

Page

**Cases**

*Abick v. State of Mich.*,
  803 F.2d 874 (6th Cir. 1986) ..................................................................13

*Adkins v. Wolever*,
  554 F.3d 650 (6th Cir. 2009) ..................................................................17

*Arbaugh v. Y&H Corp.*,
  546 U.S. 500 (2006) ................................................................................4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................... 11, 12

*Ass'n of Cleveland Fire Fighters v. City of Cleveland*,
  502 F.3d 545 (6th Cir. 2007) ..................................................................11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...............................................................................11

*Boler v. Earley*,
  865 F.3d 391 (6th Cir. 2017) ..................................................................12

*Brandon Twp. v. Tomkow*,
  535 N.W.2d 268 (Mich. Ct. App. 1995) ..................................................8

*California v. Grace Brethren Church*,
  457 U.S. 393 (1992) .................................................................................7

*Church of Scientology of Cal v. United States*,
  506 U.S. 9 (1992) ...................................................................................15

*City of Los Angeles v Lyons*,
  461 U.S. 95 (1983) .................................................................................14

*County of Los Angeles v. Davis*,
  440 U.S. 625 (1979) ...............................................................................15

*Erie Railroad Co. v. Tompkins*,
   304 U.S. 64 (1938) ...............................................................................19

*Ex Parte Young*,
   209 U.S. 123 (1908) ...................................................................... passim

*Fair Assessment in Real Estate Ass'n v. McNary*,
   454 U.S. 100 (1981) ...................................................................... ix, 5, 6

*Fairley v. Dep't of Corr.*,
   871 N.W.2d 129 (Mich. 2015) ..............................................................19

*Hafer v. Melo*,
   502 U.S. 21 (1991) ................................................................................10

*In re Gillis*,
   836 F.2d 1001 (6th Cir. 1988) ................................................................7

*Islamic Ctr. of Nashville v. Tennessee*,
   872 F.3d 377 (6th Cir. 2017) ..................................................................7

*Johnson v. Vanderkooi*,
   918 N.W.2d 785 (Mich. Ct. App. 2018) ...............................................11

*Jones v. Flowers*,
   547 U.S. 220 (2006) ..............................................................................17

*Karkouli's, Inc. v. Dohany*,
   409 F.3d 279 (6th Cir. 2005) ................................................................10

*Levin v. Commerce Energy Inc.*,
   560 U.S. 413 (2010) ...........................................................................5, 6

*Ley v. Visteon Corp.*,
   543 F.3d 801 (6th Cir. 2008) ................................................................12

*Matrix Initiatives, Inc. v. Siracusano*,
   563 U.S. 27 (2011) ................................................................................12

*Matthews v. Rodgers*,
   284 U.S. 521 (1932) ................................................................................5

*Mills v. Green*,
    159 U.S. 651 (1895) ........................................................................15

*Monell v. Dep't of Social Serv.*,
    436 U.S. 658 (1978) ........................................................................10

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ......................................................................9, 17

*Nomads, Inc. v. City of Romulus*,
    397 N.W.2d 210 (Mich. Ct. App. 1986) ...........................................8

*Skybolt v. City of Lansing*,
    517 N.W.2d 838 (Mich. Ct. App. 1994) .......................................8, 18

*Smith v. Dep't of Public Health*,
    410 N.W.2d 749 (Mich. 1987) ........................................................11

*Spranger v. City of Warren*,
    865 N.W.2d 52 (Mich. Ct. App. 2014)..........................................8, 9

*Street v. Corrections Corp. of America*,
    102 F.3d 810 (6th Cir. 1996) ..........................................................10

*Taub v. Kentucky*,
    842 F.2d 912 (6th Cir. 1988) ............................................................6

*Thiokol Corp. v. Roberts*,
    76 F.3d 751 (6th Cir. 1996)...............................................................5

*Turner v. Lansing Twp.*,
    310 N.W.2d 287 (Mich. Ct. App. 1981) ...........................................8

*Verizon Md., Inc. v. PSC*,
    535 U.S. 635 (2002) ........................................................................13

*Walburn v. Lockheed Martin Corp.*,
    431 F.3d 966 (6th Cir. 2005).............................................................4

*Wallace v. Kato*,
    549 U.S. 384 (2007) ........................................................................19

*Warren v. City of Athen*,
    411 F.3d 697 (6th Cir. 2005) ....................................................................14

*Wayside Church v. Van Buren County*,
    847 F.3d 812 (6th Cir. 2017) ..................................................................6, 7

*Welsh v. United States*,
    844 F.2d 1239 (6th Cir. 1988) ..................................................................17

*Will v. Mich. Dep't of State Police*,
    491 U.S. 58 (1989) ...................................................................................12

## Statutes

28 U.S.C. § 1341 ............................................................................... passim

28 U.S.C. § 1367 ............................................................................... 11, 15

28 U.S.C. § 1367(c) .................................................................................16

42 U.S.C. § 1983 ........................................................................... 4, 10, 13

Mich. Comp. Laws § 205.731 .....................................................................7

Mich. Comp. Laws § 205.735a ..................................................... 3, 7, 8, 18

Mich. Comp. Laws § 209.102(1) ............................................................. 12

Mich. Comp. Laws § 209.104 .....................................................................2

Mich. Comp. Laws § 211.10f ....................................................... 3, 10, 14

Mich. Comp. Laws § 211.146 ...................................................................13

Mich. Comp. Laws § 211.150 ...................................................................10

Mich. Comp. Laws § 211.24c ...................................................................17

Mich. Comp. Laws § 211.28 .......................................................................7

Mich. Comp. Laws § 211.29 .......................................................................7

Mich. Comp. Laws § 600.6431 .................................................................18

Mich. Comp. Laws § 600.6431(1) ...........................................................................11

Mich. Comp. Laws § 600.6452 ...............................................................................19

**Rules**

Fed. R. Civ. P. 12(b)(1) ...........................................................................................4

Fed. R. Civ. P. 12(b)(6) .................................................................................... 11, 12

Fed. R. Civ. P. 56 ...................................................................................................12

Mich. Tax Tribunal L.C.R. 792.10267 ...................................................................7

**Constitutional Provisions**

U.S. Const. amend. XI ................................................................................. passim

Mich. Const. art. 1, § 17............................................................................... 15

**CONCISE STATEMENT OF ISSUES PRESENTED**

1.   Do the Tax Injunction Act and principles of comity deprive this Court of jurisdiction to hear this dispute arising under Michigan property tax laws?

2.   Do Plaintiffs fail to state a plausible claim for relief against the State Defendants thereby warranting dismissal of the complaint?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Tax Injunction Act, 28 U.S.C. § 1341

*Fair Assessment in Real Estate Ass'n v. McNary,* 454 U.S. 100 (1981)

U.S. Const. amend. XI

*Ex Parte Young*, 209 U.S. 123 (1908)

# INTRODUCTION

Plaintiffs' claims are state tax law matters subject to the Tax Injunction Act and principles of comity and should be dismissed for lack of jurisdiction.  Even if those jurisdictional bars did not apply, Plaintiffs fail to allege that the Commission was, or is, the assessor for the City of Detroit; a general supervisory role in a reappraisal is not the same as being the assessor of record or the issuer of the City's tax assessments under Michigan law.  And any direct involvement with the City's assessments ended in August 2017.

Regardless, or perhaps precisely because of these nuanced legal terms and distinct roles, this is clearly a state tax law matter that should be decided by state courts.  Plaintiffs, however, chose not to avail themselves of the available state law remedies.  Instead, three years after receiving their 2017 tax assessments, Plaintiffs bring this state tax law matter to a Court that lacks jurisdiction.  The complaint also fails to state a valid claim for prospective injunctive relief, the only relief that could apply in this Court to the otherwise immune Commission defendants.  Any such claim fails because there is no ongoing or eminent threat of a specific constitutional violation.  The case should be dismissed.

### STATEMENT OF FACTS

The Commission incorporates the statement of facts as set forth by

Defendant City of Detroit in its March 26, 2020 motion and supporting brief

seeking to dismiss Counts I and II of the complaint.  The Commission adds the

following facts addressing allegations and relief sought against the Commission.

The Commission is a three-member public body, appointed by the Governor and

charged with general supervision of the administration of Michigan's property tax

laws.  Mich. Comp. Laws § 209.104.  The Commission renders assistance and

gives advice to assessing officers regarding administration, assessing and levying

of property taxes.  *Id.*  The Commission acts by a majority vote of its members and

exercises its statutory powers including rulemaking, licensing, registration, and

decision making independent of the State Treasurer.  *Id.*  See also Mich. Exec.

Order No. 2009-51 (copy attached as Ex. A).

Plaintiffs assert that residential property tax assessments issued by

Defendant City of Detroit for the 2017 tax year were issued in a manner that "made

it virtually impossible for any homeowner to appeal the [assessments]."

(PageID.2.)  Specifically, Plaintiffs assert that they did not receive their property

tax assessment notices with sufficient time remaining in the board of review appeal

period to pursue an appeal to the City's assessor's board of review.

(PageID.15-16.)  Ordinarily, under Michigan law, residential property tax

assessments must be protested to the local March Board of Review before an appeal can be heard in the Michigan Tax Tribunal. See Mich. Comp. Laws § 205.735a. If a City ordinance also requires an assessor's review, that requirement must ordinarily be met too.

Because of these default state tax law requirements, and the alleged delay in mailing of the 2017 tax assessment notices, Plaintiffs assert that they were denied due process, i.e., the full time to appeal the 2017 property tax assessments issued by the City. Plaintiffs name two State Tax Commission ("Commission") members, Mr. Morris and Mr. Kutschman, and the Commission's current executive secretary, Mr. Buick, all in their official capacities (collectively "the Commission"), and allege that the Commission's guidance and oversight role in a "reappraisal" in or around 2017 justifies prospective injunctive relief against the Commission.

On August 29, 2017, the Commission, upon a majority vote of its members, ended its involvement with the City's reappraisal project. (Ex. B, 8/29/17 Official Meeting Minutes.) The Commission has not had any direct involvement with the City's tax appraisal process since. Plaintiffs make no allegations under Mich. Comp. Laws § 211.10f that the Commission was responsible for the City's assessment roll in 2017 or any other year under Michigan law.

**ARGUMENT**

## I.     The Court lacks jurisdiction and must dismiss.

Plaintiffs plead claims under 42 U.S.C. § 1983, but factually and legally, this matter turns entirely on state tax law.  This Court lacks jurisdiction over such claims, jurisprudentially and by statutory prohibition, under principles of comity and the Tax Injunction Act ("TIA"), 28. U.S.C. § 1341, respectively.  Both evince "our federalism"; comity is about judicial restraint in traditional state law matters while the TIA statutorily prohibits federal jurisdiction in state tax disputes.  Each supports dismissal under Fed. R. Civ. P. 12(b)(1).

### A.     Standard of Review.

Comity and the TIA represent jurisdictional limitations applicable in Federal Courts.  "[W]hen a federal court concludes that it lacks subject matter jurisdiction, the Court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  "Because federal courts are courts of limited jurisdiction, the plaintiff must establish subject matter jurisdiction." *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005).

### B.     Principles of Comity support dismissal.

Federal courts have long shown deference in state tax law matters.  State taxation "falls within an area of traditional state regulation" and federal courts

4

"must give due respect to 'the fundamental principle of comity between federal and state governments that is essential to Our Federalism, particularly in the area of state taxation.'" *Thiokol Corp. v. Roberts*, 76 F.3d 751, 755 (6th Cir. 1996) (quoting *Fair Assessment in Real Estate Ass'n. v. McNary*, 454 U.S. 100, 103 (1981) (certain quotation marks omitted)).

Comity "reflects 'a proper respect for state functions . . . and a continuance of the belief that the National Government will fare best if the States . . . are left to perform their separate functions in separate ways.'" *Levin v. Commerce Energy Inc.,* 560 U.S. 413, 421 (2010) (citing *Fair Assessment in Real Estate Ass'n v. McNary,* 454 U.S. 100 at 112). Federal courts will thus direct litigants to first seek state law remedies to state law questions so long as those remedies are "'plain, adequate, and complete.'" *Levin,* 560 U.S. at 422 (quoting *Matthews v. Rodgers*, 284 U.S. 521, 525-526 (1932)).

While the comity doctrine is "non-jurisdictional" it is "[m]ore embracive than the [TIA] . . . in state taxation cases" and "restrains federal courts from entertaining claims for relief that risk disrupting state tax administration." *Id.* at 417. This case was filed three years after Plaintiffs admit having notice of the assessments in 2017, and their opportunity to afford themselves of State law remedies in 2017 and falls squarely within the historical application of comity.

5

### C.    The Tax Injunction Act requires dismissal.

While comity is based on federal courts' voluntary restraint, the TIA "may

be best understood as but a partial codification of the federal reluctance to interfere

with state taxation." *Levin*, 560 U.S. at 424.  But it is not merely jurisprudential;

the TIA "prohibits lower federal courts from restraining 'the assessment, levy or

collection of any tax under State law where a plain, speedy and efficient remedy

may be had in the court of such state.'"  *Id*. at 417 (quoting 28 U.S.C. § 1341).

Federal courts give states latitude when deciding what taxation includes under the

TIA; taxation runs from enactment of a tax law through appropriation and

spending, well after collection.  *Taub v. Kentucky*, 842 F.2d 912, 919 (1988) ("A

sovereign must have the authority to determine how tax revenues are to be spent,

or the power to tax is illusory.  Thus, state sovereignty extends to the total conduct

of a state's fiscal affairs.").

### D.    Comity and the TIA employ the same test, which requires
###         dismissal here since Michigan law provides an adequate remedy.

Although comity and the TIA present independent reasons to dismiss this

case, they employ a single test; whether state law remedies are "plain, adequate,

and complete." *Wayside Church v. Van Buren County*, 847 F.3d 812, 822 (6th Cir.

2017) (quoting *Fair Assessment*, 454 U.S. at 116).  "State remedies are plain,

adequate, and complete if they provide the taxpayer with a full hearing and judicial

determination at which the taxpayer may raise any federal constitutional objections to the tax." *Id*. (quoting *In re Gillis*, 836 F.2d 1001, 1010 (6th Cir. 1988)).

The TIA is not subordinated nor are its limitations cast aside when a plaintiff cites a constitutional provision in what is otherwise a state tax law claim. "The fact that [a litigant] seeks [] to challenge the constitutionality of a state's tax law under (among other authorities) the First Amendment does not lift its claims over [the TIA's] barriers." *Islamic Ctr. of Nashville v. Tennessee*, 872 F.3d 377, 383 (6th Cir. 2017) citing *California v. Grace Brethren Church*, 457 U.S. 393 (1992). "The Supreme Court has explicitly rejected the idea of a special exception to the Tax Injunction Act for First Amendment claims." *Id.*

Michigan provides an opportunity to challenge a property's tax assessment, annually; property owners may petition the local Board of Review. Mich. Comp. Laws § 211.28. Boards of Review hear local property tax complaints each March. Mich. Comp. Laws § 211.29. If a property owner is not satisfied with the result, they may appeal, by right, to the Michigan Tax Tribunal, a quasi-judicial body with "exclusive and original jurisdiction" over property tax appeals. Mich. Comp. Laws § 205.731. For a principal residence (i.e., a person's home) the process is informal and there is no filing fee. Mich. Tax Tribunal L.C.R. 792.10267.

Generally, a protest to the local board of review is a statutory prerequisite to a Tax Tribunal appeal. Mich. Comp. Laws § 205.735a. Yet Michigan caselaw

keeps the Tax Tribunal's doors open if a claimant shows they were given insufficient notice, or the board of review process is futile.  See, e.g., *Skybolt v. City of Lansing,* 517 N.W.2d 838 (Mich. Ct. App. 1994) wherein the Tax Tribunal reviewed a local board of review's notices and determined that the standard appeal deadline did not control, instead finding that a later issued summer tax bill triggered the 30 day appeal deadline under Mich. Comp. Laws § 205.735a; see also *Turner v. Lansing Twp.*, 310 N.W.2d 287 (Mich. Ct. App. 1981) citing futility and impossibility in administrative exhaustion claims, including tax appeals; *Nomads, Inc. v. City of Romulus*, 397 N.W.2d 210, 212 (Mich. Ct. App. 1986) wherein the property owner argued it "could not be expected to protest the 1980 tax assessment [to the local board of review] before June 30, 1980, since notice was not received until August 18, 1980," and the court held, "we agree."  *Id.*  In short, Michigan courts recognize that "the owner of real property is entitled to the protections of constitutional due process with respect to the assessment and collection of property taxes."  *Spranger v. City of Warren*, 865 N.W.2d 52, 56 (Mich. Ct. App. 2014) citing *Brandon Twp. v. Tomkow,* 535 N.W.2d 268, 271 (Mich. Ct. App. 1995).

Michigan's "taxpayers are charged with knowing the powers and duties of the [local] board of review, as well as the dates that the board of review is scheduled to meet, because those dates are published in the local newspaper." *Spranger*, 865 N.W.2d at 56.  But, when the local government changes that

schedule, to a "date . . . which was *not* published in the newspaper," and a property owner is not "otherwise properly notified of this special hearing day and time," then the statutory appeal requirements do not apply. *Id.* "For [the] statutory right [to appeal property taxes] to have any meaning at all, a local taxing authority must necessarily inform the taxpayer . . . of the date and time of the scheduled hearing." *Id.* But Plaintiffs admit that those additional steps were taken by the City, here.

Plaintiffs had plain, speedy, and efficient remedies, and any claim that they were denied an opportunity to be heard is hypothetical; there is no allegation that they ever tried to appeal, let alone that an appeal was dismissed or rejected. The conclusory legal claims are also contrary to caselaw. Either way, this is a pure state tax law matter implicating the TIA and comity and warranting dismissal.

## II.     Plaintiffs fail to state a plausible claim for relief against the Commission.

Before a state or local government may deprive an individual of a property interest, due process requires "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and . . . an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Adequacy of notice is judged from the perspective of the sender, not the recipient, which means a recipient's lack of diligence will not

negate a sender's reasonable efforts.  See *Karkouli's, Inc. v. Dohany*, 409 F.3d

279, 285-86 (6th Cir. 2005).

Plaintiffs' claims against Defendants Buick, Howard, and Morris in their

official capacities under 42 U.S.C. § 1983 are brought against the Michigan State

Tax Commission since "the real party in interest in an official-capacity suit is the

governmental entity and not the named official."  *Hafer v. Melo*, 502 U.S. 21, 25

(1991).  While the Commission has general supervisory authority over Michigan's

property tax assessors under Mich. Comp. Laws § 211.150 and authority to assume

jurisdiction over a local unit of government's tax assessment roll under Mich.

Comp. Laws § 211.10f, Plaintiffs' complaint fails to make any factual allegations

showing a plausible claim for relief against the Commission.

First, the Commission is immune from Count I of the complaint under the

Eleventh Amendment against any potential monetary damages claim, and any *Ex*

*Parte Young* claim for prospective injunctive relief is moot.

Second, the complaint does not allege any affirmative conduct by the

Commission that deprived Plaintiffs' of due process.  Instead, the complaint makes

legal conclusions implying liability under a quasi-respondeat superior theory—

relief that is not available under § 1983 against the Commission.  See *Street v.*

*Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996) citing *Monell v.*

*Dep't of Social Serv.,* 436 U.S. 658 (1978).  Nor is that theory cognizable under

state law.  *Smith v. Dep't of Public Health*, 410 N.W.2d 749, 794 (Mich. 1987);

*Johnson v. Vanderkooi*, 918 N.W.2d 785 (Mich. Ct. App. 2018).  Plaintiffs fail to

meet their pleading burden, warranting dismissal with prejudice.

Third, Plaintiffs' Count II fails to state a plausible due process claim under

the Michigan Constitution.  Count II is a pendent state law claim, so if the Court

decides to assume jurisdiction under 28 U.S.C. § 1367, then it should apply Mich.

Comp. Laws § 600.6431(1), which bars Plaintiffs claim against the Commission.

### A.     Standard of Review.

Rule 12(b)(6) authorizes dismissal of a case for failure to state a claim on

which relief can be granted.  To survive such a motion, Plaintiffs' pleading for

relief must provide "'more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do.'"  *Ass'n of Cleveland Fire Fighters*

*v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007), quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 545 (2007).  Thus, a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its

face.  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While the Court must accept as true all the factual allegations contained in a

complaint, that is not true of legal conclusions.  *Id.*  In addition to the allegations in

11

the complaint, the court, ruling on a 12(b)(6) motion may also consider other materials that are integral to the complaint, are public records, or otherwise appropriate for the taking of judicial notice. *Ley v. Visteon Corp.*, 543 F.3d 801, 805 (6th Cir. 2008) abrogated on other grounds by *Matrix Initiatives, Inc. v. Siracusano,* 563 U.S. 27, 48-50 (2011). Such inclusion does not convert a motion filed under Rule 12 to a motion under Rule 56. *Id.*

### B.   Plaintiffs' Count I is barred by the Eleventh Amendment, and any *Ex Parte Young* claim for prospective injunctive relief is moot.

#### 1.   The Eleventh Amendment bars both the federal and state law claims against the Commission.

The Eleventh Amendment bars claims against a state, its agencies and officials unless: (1) the State has waived immunity by consenting to the suit; (2) Congress has expressly abrogated the State's sovereign immunity; or (3) the *Ex parte Young* doctrine applies. *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017). Immunity applies to damages claims against a state official in an official capacity because it is the equivalent of a suit against the official's office, making it a suit against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

The Commission is a three-member body appointed by the Governor. Mich. Comp. Laws § 209.102(1). The Commission is administratively housed within the Michigan Department of Treasury but acts independent of the State Treasurer. See Mich. Exec. Order 2009-51 (Ex. A). The Commission appoints an

Executive Secretary, a Michigan Department of Treasury employee assigned to perform daily functions for the Commission.  Mich. Comp. Laws § 211.146; Mich. Exec. Order 2009-51.  As an arm of the State of Michigan, the Commission is entitled to assert the same immunity defenses available to the State itself.  *Abick v. State of Mich.*, 803 F.2d 874, 877 (6th Cir. 1986).  Because the Commission has not consented to suit and congress has not abrogated the State's Eleventh Amendment Immunity under 42 U.S.C. § 1983, the only potential relief available is prospective injunctive relief under *Ex Parte Young*.  *Id.*

The problems with Plaintiffs' *Ex parte Young* claims are two-fold.  First, Plaintiffs must allege an "ongoing violation of federal law and seek [ ] relief properly characterized as prospective."  *Verizon Md., Inc. v. P*SC, 535 U.S. 635, 645 (2002).  Plaintiffs fail to do so.  Plaintiffs reference 2017 tax notices but make no allegations for subsequent tax years or ongoing violations.

Second, the Commission's involvement with the City of Detroit reappraisal ended on August 29, 2017, at a public meeting and by a majority vote of the Commission's members.  (Ex. B, 8/29/17 Official Meeting Minutes.)  Plaintiffs' request for prospective relief is not based on plausible facts nor rooted in current reality; it is completely speculative and does not justify injunctive relief.

**2.  Plaintiffs do not allege plausible ongoing irreparable harm.**

To avoid Eleventh Amendment immunity, Plaintiffs seek an injunction as to the Commission "to the extent they assume responsibility for assessments again in the future." (PageID.40.)  But in order to prevail, Plaintiffs must first establish a constitutional violation and then show 1) a continuing irreparable injury if the court fails to issue the injunction, and 2) the lack of an adequate remedy at law. *Warren v. City of Athen*, 411 F.3d 697, 711 (6th Cir. 2005).  The equitable remedy of a permanent injunction is unavailable if there is no showing of any real or immediate threat that the Plaintiff will be wronged.  *City of Los Angeles v Lyons*, 461 U.S. 95, 111 (1983).  It is not enough to demonstrate a past violation and injury nor adequate to cite some non-threatened, purely hypothetical future injury.

The lack of imminent injury is clear; Plaintiffs claim harm based on 2017 tax notices but make no allegations relative to the 2018, 2019, or 2020 tax notices, subsequent years where Plaintiffs also had the opportunity to appeal their annually assessed property values.  Moreover, the Commission has not been involved with the City of Detroit's reappraisal[1] for over two and half years.  An appeal is moot in the constitutional sense when events that have transpired during the pendency of the case make it "impossible for the courts to grant any 'effectual relief

---

[1] Plaintiffs allege liability via a *reappraisal* role, a state tax concept distinct from *assessment*, each local government's annual duty.  Plaintiffs do not allege the Commission voted to act under Mich. Comp. Laws § 211.10f as to the latter

whatever.'" *Church of Scientology of Cal v. United States*, 506 U.S. 9, 12 (1992) quoting *Mills v. Green*, 159 U.S. 651, 653 (1895). The same is true when "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).

At its August 29, 2017 meeting, the Commission ended its involvement in the City's reappraisal, approved the City's corrective action plan, and expressed an intention to audit those efforts in 2020. (Ex. B.) Plaintiffs' request for injunctive relief recognizes this reality; the request is only "to the extent [the Commission] assume[s] responsibility for [the City's] assessments in the future." (PageID.40.)

Plaintiffs do not identify a real or imminent likelihood of future harm, a constitutional violation, an ongoing violation of federal law, or otherwise attempt to satisfy the *Ex parte Young* inquiry. Plaintiff cannot avoid Eleventh Amendment immunity, and the claims against the Commission should be dismissed.

### C.     Plaintiffs do not plead any plausible facts showing the Commission violated Plaintiffs' due process rights, and any such claims are untimely under state law.

Count II is an identical claim to Count I but is brought under Article I Section 17 of the Michigan Constitution. While this court may exercise supplemental jurisdiction provided by 28 U.S.C. § 1367, because Count I should be dismissed due to lack of jurisdiction and failure to state a plausible claim for relief, this Court should also dismiss the pendent state law claim under § 1367(c).

15

Even if the Court declines to dismiss Count II under § 1367(c), dismissal of Count II is still warranted as Plaintiffs fail to plead a plausible due process violation claim against the Commission.

### 1. Plaintiffs fail to plead a plausible state due process violation claim against the Commission.

Plaintiffs' complaint makes one factual allegation as to the Commission— it assumed control of Detroit's tax assessment process from 2014 through 2017. (PageID.2.)  The remaining allegations are legal conclusions that the Commission is liable for due process violations yet allege no Commission conduct that violated Plaintiff's due process rights.  Instead, the complaint's legal conclusions include:

> [The Commission] as overseers of Detroit's assessments in 2017 are likewise responsible for the citywide due process violations that year. (PageID.4.)

> [The Commission], who had assumed oversight of the Detroit Assessment Division in 2014, also bear responsibility for these citywide due process violations.  (PageID.15.)

> [The Commission] share responsibility for these violations, because they officially oversaw the Detroit Office of the Assessor during the 2017 property tax season.  (PageID.21.)

> Given their failure to ensure Detroit homeowners received timely and accurate assessment notices, [the Commission] share responsibility for the denial of due process to Detroit Homeowners.  (PageId.36, 38.)

In essence, Plaintiffs claim the Commission is liable because it was in charge. This is a respondeat superior theory and is devoid of any factual allegations as to how the Commission's conduct violated due process rights.

Because Count II is brought under state law, this Court must "make [the] best prediction, even in the absence of direct state court precedent, of what the [State] Supreme Court would do if it were confronted with this question." *Welsh v. United States*, 844 F.2d 1239, 1245 (6th Cir. 1988), overruled on other grounds by *Adkins v. Wolever*, 554 F.3d 650 (6th Cir. 2009).

Plaintiffs allege their due process rights were violated when their 2017 property tax assessment notices were mailed in mid-February, precluding them from appealing the assessments.

Outside of the alleged untimeliness of the notices, there is no allegation the notices did not otherwise satisfy Mich. Comp. Laws § 211.24c and its various requirements relative to each property's specific attributes and local assessment determinations for that tax year.  Due process does not require perfect notice, it requires "'notice reasonably calculated, under all the circumstances'" to inform the intended recipient of the decision and opportunity to be heard. *Jones v. Flowers*, 547 U.S. 220, 225 (2006) (quoting *Mullane*, 339 U.S. at 314).

Yet, with no allegations of rebuffed attempts to appeal, Plaintiffs summarily allege the timing of the mailings precluded any appeal.  The City, by Plaintiffs'

own allegations, made significant efforts to afford Plaintiffs a chance to appeal their *already substantially reduced* 2017 tax assessments, reductions resulting from the reappraisal efforts Plaintiffs complain of.  Nor were the Tax Tribunal's doors shut to Plaintiffs; the Tax Tribunal has authority to consider circumstances and hear appeals that otherwise appear improper under Mich. Comp. Laws § 205.735a. See *Skybolt*, 517 N.W. 2d at 841.

Plaintiffs had notice and an opportunity to appeal their assessments to the local board of review or directly to the Tax Tribunal in 2017, but elected to wait three *years* to present a theory relying on an allegation that the City's notices were sent a few *days* late.  That is not a due process claim, it is an end run on a state tax law appeal period.  Count II of Plaintiffs' complaint should be dismissed.

### 2. Any pendent state law claims against the Commission are barred by Mich. Comp. Laws § 600.6431.

Even if Plaintiffs met their pleading burden against the Commission in Count II, the pendent state law claim is barred by Mich. Comp. Laws § 600.6431 which provides in relevant part:

> (1) Except as otherwise provided in this section, a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies.

Section 6431 works in tandem with Mich. Comp. Laws § 600.6452 and is a condition precedent to bringing a claim against the State of Michigan, its Departments, or Commissions. *Fairley v. Dep't of Corr.*, 871 N.W.2d 129, 131 (Mich. 2015). Since the Commission is created under Michigan law and housed within the Department of Treasury, in order to proceed on a pendent state law claim, Plaintiffs had to either file suit or file a notice of intent with the Michigan Court of Claims within one year of the claim accruing.

It is well settled that federal courts apply state statutes of limitations in proceedings brought under § 1983. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). When adjudicating state law claims brought in federal court, the substantive law of the state is to be applied. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 79 (1938).

According to Plaintiffs' complaint, the allegedly deficient notice was mailed "no earlier than February 14, 2017." (PageID.16.) And the Commission ended its involvement with the City of Detroit reappraisal project on August 29, 2017. (Ex. B, 8/29/17 Official Meeting Minutes.) Even if Plaintiffs' claim against the Commission accrued on August 29, 2017 (it likely accrued in February 2017) Plaintiffs had until August 29, 2018 to either file suit or a notice of intent with the Court of Claims. Plaintiffs failed to do so and accordingly are barred from now bringing this pendent state law claim against the Commission.

19

## CONCLUSION AND RELIEF REQUESTED

This case presents pure issues of state tax law; it requires application and interpretation of Michigan's property tax statutes.  The Tax Injunction Act and principles of comity warrant dismissal because Michigan provides remedies for the alleged wrongful assessments, including tax disputes that include notice allegations like those Plaintiffs assert, here.  Those state law remedies are easily accessible, readily and timely available, and provide complete review and access to relief.

[*Space left intentionally blank*]

Plaintiffs likewise fail to state a claim for relief, including injunctive relief, because their allegations are unsupported legal conclusions, not statements of fact, and as to the Commission the claims are moot; there is no immediate or even remote threat of harm that supports a claim for prospective injunctive relief.  The complaint should be dismissed in its entirety.

Respectfully submitted,

Dana Nessel
Attorney General

/s/ *Matthew B. Hodges*
Matthew B. Hodges (P72193)
Michael S. Hill (P73084)
Assistant Attorneys General
Attorneys for Defendants David A.
Buick, W. Howard Morris,
& Leonard D. Kutschman
Revenue and Tax Division
P.O. Box 30754
Lansing, MI 48909
517-335-7584
HodgesM@michigan.gov
HillM19@michigan.gov

Dated:  April 24, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2020, I electronically filed the above

document(s) with the Clerk of the Court using the ECF System, which will provide

electronic copies to counsel of record.

/s/ *Matthew B. Hodges*
Matthew B. Hodges (P72193)
Assistant Attorney General
Attorneys for Defendants David A.
Buick, W. Howard Morris,
& Leonard D. Kutschman
Revenue and Tax Division
P.O. Box 30754
Lansing, MI 48909
517-335-7584
HodgesM@michigan.gov