UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH HOWARD, *et al.*,

    Plaintiffs,

v.

THE CITY OF DETROIT, *et al.*,

    Defendants.

_____/

Case No. 20-10382

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING THE MICHIGAN DEFENDANTS' MOTION TO DISMISS [41] AND DENYING WAYNE COUNTY'S MOTION TO DISMISS [42]**

Plaintiffs, who are Detroit homeowners, allege their due process rights under the United States and Michigan Constitutions were violated by the City of Detroit and other local and state entities when they received purportedly untimely and deficient property tax assessment notices in 2017. Plaintiffs also bring an unjust enrichment claim against Wayne County. After the filling of this case, all of the defendants brought motions to dismiss, which the Court granted in part due to its finding that Plaintiffs' federal due process claims are barred by the Tax Injunction Act and principles of comity. But the Sixth Circuit Court of Appeals reversed. *See Howard v. City of Detroit*, 40 F.4th 417 (6th Cir. 2022). Upon remand, the Detroit Defendants[1] answered the complaint, but the Michigan Defendants[2] and Wayne County brought motions to dismiss,[3] renewing certain

---

[1] The Detroit Defendants are the City of Detroit; the Offices of the Chief Financial Officer and Assessor of the City of Detroit; and Mayor Michael Duggan and Assessor Alvin Horhn.

[2] The Michigan Defendants are State Tax Commissioners W. Howard Morris and Leonard D. Kutschman and STC Executive Director David A. Buick.

[3] Plaintiff and the Detroit Defendants then engaged in discovery relating to class certification issues only, and Plaintiffs eventually moved for class certification. (ECF No. 67.) Discovery was later stayed due to the pending motions.

1

arguments they made in their initial motions to dismiss that the Court did not reach at the time. (ECF Nos. 41, 42.) Both motions are fully briefed.[4] (ECF Nos. 45, 46, 54, 56.) Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the motions will be decided on the briefs and without oral argument. For the reasons discussed below, the Court GRANTS the Michigan Defendants' motion and DENIES Wayne County's motion.

I.   **Background**

Plaintiffs William and Billie Hickey and Jeffrey Stevenson[5] bring this class action lawsuit on behalf of themselves and other similarly situated homeowners, seeking injunctive and monetary relief. (ECF No. 1.) They allege that in 2017, after the City of Detroit completed a reappraisal of all residential property, the Detroit Defendants failed to notify Detroit homeowners of their new property assessments until it was too late to appeal those assessments. According to Plaintiffs, this resulted in the violation of every Detroit homeowner's right to due process, and because homeowners did not have the opportunity to appeal and "lower frequently over-assessed" property taxes, some homeowners paid more than they should owe, faced delinquency, or had their properties foreclosed on. (*See id.* at PageID.2.) Plaintiffs aver that because Michigan's government had assumed control of Detroit's property tax assessment process from 2014 through 2017, the Michigan Defendants, acting in their official capacities, also bear responsibility for the alleged denial of their due process rights. Plaintiffs further allege that Wayne County was "complicit" in this denial of due process and was unjustly enriched by the

---

[4] Wayne County also filed a notice of supplemental authority (ECF No. 76) to which Plaintiffs filed a response (ECF No. 77).
[5] The complaint included two additional plaintiffs—Deborah Howard and Flossie Byrd—but their claims have since been dismissed. (ECF Nos. 65, 69.)

collection of delinquency and foreclosure revenues, interest, fines, and fees. (*See id.* at PageID.7.)

More specifically, Plaintiffs allege that in 2017, the Detroit Defendants mailed 263,516 residential property tax assessment notices on February 14, stating the deadline to appeal to the local Board of Assessors was four days later—on February 18. The notices stated that appeal to the Board of Assessors by the deadline was "required to protect your right to appear before the March Board of Review [and] [p]rotest at the March Board of Review was necessary to protect your right to further appeal to the Michigan Tax Tribunal." (ECF No. 1-1, PageID.43.) According to Plaintiffs, due to the late mailings, the City of Detroit later extended the Board of Assessors appeal deadline by ten additional days, to February 28, 2017, and also "waived" the Board of Assessors appeal, allowing homeowners to appeal directly to the Board of Review. These changes were not communicated to Detroit homeowners in individualized notices but were announced through news articles and during a public City Council Meeting.

Plaintiffs' complaint brings three counts: Count I alleges the denial of due process in violation of the United States Constitution under 42 U.S.C. § 1983 against the Detroit and Michigan Defendants; Count II alleges the denial of due process in violation of the Michigan Constitution against the Detroit and Michigan Defendants; and Count III alleges unjust enrichment against Wayne County. In addition to their request for damages from the Detroit Defendants and Wayne County, Plaintiffs seek an order 1) declaring that their constitutional right to due process was violated through the lack of timely notice of their property tax assessments and subsequent inability to appeal those assessments in 2017; 2) requiring the Detroit Defendants to allow homeowners to appeal their 2017 property

taxes retroactively; 3) requiring the Detroit Defendants (and, to the extent that they take future responsibility for Detroit assessments, the Michigan Defendants) to comport with their constitutional due process obligations by ensuring future assessment notices are sent in enough time to allow homeowners to appeal; 4) if mailings are delayed, automatically extending appeal deadlines by 30 days after the date of mailing with clear, individualized notice of the extension given in writing to each property owner; 5) declaring that Wayne County was unjustly enriched by property tax foreclosure sales and associated interest, fines, and fees because it did not ensure that Detroit did not unlawfully assess property values in violation of the Michigan Constitution; and 6) requiring Wayne County to stop seeking foreclosure and stop foreclosure proceedings against homeowners whose delinquency on their 2017 property taxes rendered their homes subject to foreclosure.

## II. Relevant Legal Standards

The Michigan Defendants raise sovereign immunity as a threshold defense by way of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). *See Nair v. Oakland County Community Mental Health Auth.*, 443 F.3d 469, 476 (6th Cir. 2006). Wayne County challenges Plaintiffs' Article III standing, which is also governed by Rule 12(b)(1). *See Am. Biocare Inc. v. Howard & Howard Attys. PLLC*, 702 F. App'x 416, 419 (6th Cir. 2017).

Motions to dismiss for lack of subject matter jurisdiction brought pursuant to Rule 12(b)(1) "fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack "is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of

the petition as true and construed in the light most favorable to the nonmoving party." *Id.* On the other hand, a factual attack is "a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* The Michigan Defendants bring a facial attack to the Court's jurisdiction, while Wayne County brings a factual attack.

Wayne County brings its remaining arguments under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. "[A] complaint only survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barney v. PNC Bank*, 714 F.3d 920, 924 (6th Cir. 2013) (internal quotations and citations omitted). "A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* To survive a Rule 12(b)(6) motion, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## III. The Michigan Defendants

The Michigan Defendants argue that the Eleventh Amendment bars Plaintiffs' claims against them. The Eleventh Amendment protects states from private civil suits in

federal court. *See Waid v. Early (In re Flint Water Cases)*, 960 F.3d 303, 332-33 (6th Cir. 2020). Suits against state officials in their official capacity are like suits against the state itself. *See Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005). Under what is known as the *Ex parte Young* exception, however, "federal courts have jurisdiction to enjoin state officials from ongoing unlawful conduct." *T.M. v. DeWine*, 49 F.4th 1082,1088 (6th Cir. 2022) (citing *Ex parte Young*, 209 U.S. 123, 159 (1908)). To determine whether this exception applies, the Court conducts "'a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Id.* at 1088 (quoting *Verizon Md. Inc. v. Public Service Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

Plaintiffs concede that the Michigan Defendants are arms of the state of Michigan for purposes of Eleventh Amendment immunity and that the state is generally immune from suit. Plaintiffs argue, however, that the *Ex parte Young* exception applies here because they are only seeking prospective injunctive relief against the Michigan Defendants. That relief is in the form of an order requiring these defendants to ensure timely service of property tax assessment notices "in all future years" in which they assume responsibility for assessments or else to automatically extend future appeal deadlines. The Michigan Defendants argue that *Ex parte Young* does not apply.

In their motion, the Michigan Defendants make arguments that constitute an improper attack on Plaintiffs' allegations at this stage of the litigation. For example, they dispute the fact that they may be held responsible for the issuance of the 2017 property tax notices, even though Plaintiffs have pled that the Michigan Defendants assumed control over the City of Detroit's property tax assessment process from 2014 through

6

2017. In their reply, the Michigan Defendants argue that even assuming they may be assigned responsibility for the constitutional violations, the complaint itself only alleges violations in 2017 and not any ongoing violations. The Michigan Defendants further argue that the relief requested is not prospective.

Plaintiffs rely on a recent Sixth Circuit case, *Waid v. Earley (In re Flint Water Cases)*, 960 F.3d 303 (6th Cir. 2020), to argue that ongoing effects from past unconstitutional conduct can serve as "ongoing harm" within the *Ex parte Young* exception. There, the court rejected the argument that the Eleventh Amendment only permits suits against the state that are designed to prevent ongoing violations of federal law. *See id.* at 334 n.10. The court acknowledged that "the conduct at issue occurred solely in the past" but found "remedial measures to combat the effects of past constitutional violations" available as a form of prospective injunctive relief under *Ex parte Young*. *Id.* at 334, 334 n.10.

Plaintiffs are correct that, like the plaintiffs in *Flint Water Cases*, they too have alleged ongoing effects from constitutional violations. *See Howard*, 40 F.4th at 425 n.5. (noting that Plaintiffs pled "ongoing injury from the untimely tax assessment notices, including current tax delinquencies and foreclosure procedures stemming from the 2017 property tax assessments"). But what differs here is that the proposed relief would not remediate those effects. In *Flint Water Cases*, 960 F.3d at 334, the plaintiffs sought an order requiring "repairs, medical monitoring, educational programs, and criminal and justice evaluations," which the court found were measures "plainly designed to wipe out continuing harms produced by" the unconstitutional acts of the defendants. Here, Plaintiffs request an order requiring the Michigan Defendants to ensure timely service of

7

property tax assessment notices "in all future years" or else to automatically extend future appeal deadlines, but such an order would not wipe out any continuing injury resulting from the untimely 2017 property tax assessment notices.

Because Plaintiffs do not seek prospective injunctive relief that would "remediate the ongoing harms" stemming from the alleged constitutional violations, *see Flint Water Cases*, 960 F.3d at 334, their claims against the Michigan Defendants are barred by Eleventh Amendment immunity and are dismissed without prejudice,[6] *see Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) ("Dismissals for lack of jurisdiction based on Eleventh Amendment immunity should be made without prejudice.") (citation omitted).

## IV. Wayne County

Wayne County makes a number of arguments in support of dismissal of the unjust enrichment claim brought against them.[7] The Court does not find this claim subject to dismissal.

Wayne County first challenges Plaintiff Stevenson's Article III standing.[8] To have Article III standing to sue in federal court, "[t]he plaintiff must have (1) suffered an injury

---

[6] Because the Court dismisses the claims against the Michigan Defendants for lack of jurisdiction, there is no need to address the remaining arguments raised in their motion. And to the extent Plaintiffs alternatively ask for an opportunity to replead, that request is denied. *See Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) ("A request for leave to amend almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is not a motion to amend.") (internal quotation marks and citation omitted).

[7] In their response to Wayne County's motion, Plaintiffs state that Stevenson and Byrd are the only named plaintiffs asserting an unjust enrichment claim against Wayne County. (ECF No. 46, PageID.851.) Because Plaintiff Byrd's claims have since been dismissed, (ECF No. 65), only Plaintiff Stevenson's unjust enrichment claim remains.

[8] On appeal, the Detroit Defendants "briefly" raised the issue of standing and argued that Plaintiffs "do not have standing to seek declaratory relief because they allege

in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted).

Wayne County argues that Plaintiff Stevenson has not shown that he suffered an injury in fact that is fairly traceable to its conduct. In support of this argument, Wayne County has submitted the affidavit of Wayne County Treasurer Eric Sabree. (ECF No. 42-2.) According to this affidavit, the assessed value of Plaintiff Stevenson's property was reduced in 2017 and Wayne County did not foreclose on his property. But the fact that his property value was reduced does not rebut the allegation that his home was over assessed because the 2017 assessment exceeded fifty percent of the home's fair market value. And Wayne County does not deny that foreclosure proceedings were initiated against Plaintiff Stevenson. Wayne County argues that any challenge to a foreclosure that has not yet occurred is not ripe for review, but Plaintiff does not purport to challenge the foreclosure—he merely asserts that the initiation of foreclosure proceedings is an additional injury he has faced. In sum, the Court finds that Plaintiff Stevenson suffered an injury in fact fairly traceable to the conduct of Wayne County that is sufficient to confer Article III standing.

Wayne County next argues that the Court lacks jurisdiction over any foreclosure-related claims based on the Tax Injunction Act and principles of comity. On appeal, the Sixth Circuit held that these doctrines do not bar Plaintiffs' federal due process claim

---

only past injuries." *See Howard*, 40 F.4th at 425 n.5. In a footnote, the Sixth Circuit rejected this challenge, noting that Plaintiffs "pled ongoing injury from untimely tax assessment notices, including current tax delinquencies and foreclosure proceedings stemming from the 2017 property tax assessments." *Id.*

9

because there is "no plain, speedy and efficient remedy available in state court." *Howard*, 40 F.4th at 423. Wayne County argues that this holding should be limited to property tax assessments, and not foreclosure proceedings. But the Court declines to draw this distinction where the allegation is that Plaintiff Stevenson's home became subject to foreclosure following an over assessment. Moreover, to the extent a plaintiff may attempt to challenge an assessment in the context of a foreclosure proceeding, that remedy is uncertain considering Michigan law provides that the Michigan Tax Tribunal has exclusive jurisdiction over any tax assessment disputes. *See* Mich. Comp. Laws § 205.731; *see also Kalamazoo Cnty. Treasurer v. Hope Woods Ltd. Dividend Hous. Ass'n,*, No. 337454, 2018 Mich. App. LEXIS 291, at *3 (Mich. Ct. App. Feb. 20, 2018) (finding the circuit court lacked jurisdiction to resolve a challenge to a special tax assessment, which fell within the Tax Tribunal's jurisdiction). And the Sixth Circuit has already found that Plaintiffs' right to appeal to the Michigan Tax Tribunal here was uncertain due to the deficient notices. *See Howard*, 40 F.4th at 424-25.

Finally, Wayne County argues that Plaintiff Stevenson fails to state a claim for unjust enrichment. More specifically, Wayne County argues there is no allegation that he paid his 2017 taxes and thus it could not have been "enriched." Wayne County also disputes its alleged role in the assessment process.

Under Michigan law, a claim for unjust enrichment requires "(1) the receipt of a benefit by defendant from plaintiff, and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant." *Belle Isle Grill Corp. v. City of Detroit*, 666 N.W.2d 271, 280 (Mich. Ct. App. 2003) (citation omitted). Here, Plaintiff Stevenson alleges he was charged more than he should have owed in property taxes in 2017 due to the City of

Detroit's over-assessment. (ECF No. 1, PageID.31.) The complaint further alleges that he "fell behind on property tax payments in 2017 and the following year. According to data from Wayne County, Mr. Stevenson right now owes more than $500 in property taxes, interest, and fees from 2017. He owes more than $1,900 in property taxes, interest and fees from 2018." (*Id.*) Based on these allegations, it could be inferred that Plaintiff Stevenson paid Wayne County at least some amount in delinquent taxes. And while Wayne County's role in the assessment process may bear on whether the retention of those payments was unjust or inequitable, *see Morris Pumps v. Centerline Piping, Inc.*, 729 N.W.2d 898, 904 (Mich. Ct. App. 2006), that issue is beyond the scope of this Rule 12(b)(6) motion. Because Plaintiff Stevenson alleges that Wayne County was "complicit" in the denial of due process and system of over-assessment that led to any overpayments he made, (*see id.* at PageID.39), he has stated a claim for unjust enrichment that is plausible on its face.[9] In sum, the unjust enrichment claim survives Wayne County's motion to dismiss.

**V.     Conclusion**

For the foregoing reasons, the Michigan Defendants' motion to dismiss (ECF No. 41) is GRANTED, and Wayne County's motion to dismiss (ECF No. 42) is DENIED. Accordingly, Defendants W. Howard Morris, Leonard D. Kutschman, and David A. Buick are dismissed without prejudice, but Defendant Wayne County remains.

In light of this decision, the Court's previous order staying discovery is lifted to the extent that Wayne County is ordered to participate in discovery regarding class

---

[9] Wayne County also argues that the unjust enrichment claim is preempted by state law. But the Court does not find this argument persuasive.

certification issues only. This discovery period will close on October 31, 2023. Plaintiffs may then file a supplemental brief in support of their pending motion for class certification by November 15, 2023. Wayne County's response and Plaintiffs' reply may be filed within the time limits set forth in Eastern District of Michigan Local Rule 7.1.

SO ORDERED.

<u>s/Nancy G. Edmunds</u>
Nancy G. Edmunds
United States District Judge

Dated: September 30, 2023


I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2023, by electronic and/or ordinary mail.

<u>s/Lisa Bartlett</u>
Case Manager