UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH HOWARD, *et al.*,

    Plaintiffs,

v.

THE CITY OF DETROIT, *et al.*,

    Defendants.

_____/

Case No. 20-10382

Honorable Nancy G. Edmunds

**ORDER DENYING WAYNE COUNTY'S
MOTION FOR RECONSIDERATION [80]**

Along with constitutional claims against the City of Detroit and other local entities, Plaintiff Jeffrey Stevenson's unjust enrichment claim against Wayne County remains in this case.[1] (*See* ECF No. 78.) Before the Court is Wayne County's motion for reconsideration of the Court's denial of its motion to dismiss.[2] (ECF No. 80.) For the reasons below, the Court DENIES the motion for reconsideration.

**I.   Legal Standard**

In this district, "[m]otions for reconsideration of non-final orders are disfavored" and may be brought only on the following grounds:

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision; (B) An intervening change in controlling law warrants a different outcome; or (C) New facts

---

[1] A summary of this case's procedural background can be found in the Court's previous opinion and order. (ECF No. 78.)

[2] Under Eastern District of Michigan Local Rule 7.1(h)(3), no response to a motion for reconsideration and no oral argument are permitted unless the Court orders otherwise.

1

> warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. Local Rule 7.1(h)(2). Wayne County purports to rely on the first ground of relief here.

## II. Analysis

Wayne County had sought dismissal of the unjust enrichment claim brought against it on a number of grounds. The Court rejected its arguments and found dismissal of the claim inappropriate. Wayne County now takes issue with the Court's finding regarding the issue of Article III standing only.

Wayne County argues that Plaintiff Stevenson did not submit any evidence to prove that he suffered an injury that is fairly traceable to its conduct. But while the Court "may look outside the pleadings to determine whether subject-matter jurisdiction exists," it has "broad discretion over what evidence to consider." *See Adkisson v. Jacobs Eng'g Grp., Inc.*, 790 F.3d 641, 647 (6th Cir. 2015). And, as a general matter, the Supreme Court has cautioned courts against confusing "'weakness on the merits with absence of Article III standing.'" *See Hicks v. State Farm Fire & Cas. Co.*, 965 F.3d 452, 463 (6th Cir. 2020) (quoting *Ariz. State Legislature v. Arizona Indep. Redistricting Comm'n*, 576 U.S. 787, 800 (2015)). Here, the Court found the allegations regarding tax delinquencies as a result of the over assessment as well as the initiation of foreclosure proceedings sufficient to confer standing even when considering the affidavit submitted by Wayne County Treasurer Eric Sabree.

Wayne County alternatively asks the Court to defer ruling on the issue of standing until discovery is complete. But the Court has already denied Wayne County's motion

to dismiss and deferring a ruling is not necessary when the parties may raise the issue again at a future stage of the case. *See United States v. $99,500 in U.S. Currency*, 339 F. Supp. 3d 690, 695-96 (N.D. Ohio 2018) (finding a holding that the claimant had Article III standing at the pleadings stage did not preclude a challenge to standing on a motion for summary judgment).

### III.  Conclusion

For the foregoing reasons, Wayne County's motion for reconsideration is DENIED.

SO ORDERED.

                                                          s/Nancy G. Edmunds  
                                                          Nancy G. Edmunds  
                                                          United States District Judge

Dated: November 29, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 29, 2023, by electronic and/or ordinary mail.

                                                          s/Lisa Bartlett  
                                                          Case Manager