UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH HOWARD, *et al.*,

    Plaintiffs,

v.

THE CITY OF DETROIT, *et al.*,

    Defendants.

_____/

Case No. 20-10382

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION [67]**

Plaintiffs William and Billie Hickey and Jeffrey Stevenson,[1] who are Detroit homeowners, allege that their due process rights under the United States and Michigan Constitutions were violated by the City of Detroit and other local and state entities when they received purportedly untimely and deficient property tax assessment notices in 2017. Plaintiff Stevenson also brings an unjust enrichment claim against Wayne County. At the outset of this case, all the defendants brought motions to dismiss, which the Court granted in part due to its finding that Plaintiffs' federal due process claims are barred by the Tax Injunction Act and principles of comity. But the Sixth Circuit Court of Appeals reversed. *See Howard v. City of Detroit*, 40 F.4th 417, 428 (6th Cir. 2022). Upon remand, the Detroit Defendants[2] answered the complaint, but the Michigan Defendants[3] and Wayne County

---

[1] The complaint included two additional plaintiffs—Deborah Howard and Flossie Byrd—but their claims have since been dismissed. (ECF Nos. 65, 69.)

[2] The Detroit Defendants are the City of Detroit, the Offices of the Chief Financial Officer and Assessor of the City of Detroit, Mayor Michael Duggan, and Assessor Alvin Horhn.

[3] The Michigan Defendants are State Tax Commissioners W. Howard Morris and Leonard D. Kutschman and STC Executive Director David A. Buick.

1

brought motions to dismiss, renewing certain arguments they made in their initial motions to dismiss that the Court did not reach at the time. While the motions to dismiss were still pending, Plaintiffs and the Detroit Defendants engaged in discovery relating to class certification, Plaintiffs filed the present motion for class certification, and the parties fully briefed the motion. (ECF Nos. 67, 71-74.) But the Court later granted the Michigan Defendants' motion to dismiss, denied Wayne County's motion to dismiss, and ordered Wayne County to participate in class certification discovery. (ECF No. 78.) Following completion of the additional discovery, Plaintiff Stevenson and Wayne County filed supplemental briefs regarding the issue of class certification. (ECF Nos. 90, 93, 95.) Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Plaintiffs' motion for class certification will be decided without oral argument. For the reasons below, the Court DENIES the motion.

**I.     Background**

Plaintiffs bring this class action lawsuit on behalf of themselves and other similarly situated homeowners, seeking injunctive and monetary relief. (ECF No. 1.) They allege that in 2017, after the City of Detroit completed a reappraisal of all residential property, the Detroit Defendants failed to notify Detroit homeowners of their new property assessments until it was too late to appeal those assessments. According to Plaintiffs, this resulted in the violation of every Detroit homeowner's right to due process, and because homeowners did not have the opportunity to appeal and "lower frequently over-assessed" property taxes, some homeowners paid more than they should owe, faced delinquency, or had their properties foreclosed on. (*See id.* at PageID.2.) Plaintiffs also allege that Wayne County was "complicit" in this denial of due process and was unjustly

enriched by the collection of delinquency and foreclosure revenues, interest, fines, and fees. (*See id.* at PageID.7.)

More specifically, in 2017, the Detroit Defendants mailed 263,516 residential property tax assessment notices on February 14, stating the deadline to appeal to the local Board of Assessors was four days later—on February 18. The notices stated that appeal to the Board of Assessors by the deadline was "required to protect your right to appear before the March Board of Review [and] [p]rotest at the March Board of Review [wa]s necessary to protect your right to further appeal to the Michigan Tax Tribunal." (ECF 67-2.) Due to the late mailings, the City of Detroit later extended the Board of Assessors appeal deadline by ten additional days, to February 28, 2017, and also "waived" the Board of Assessors appeal, allowing homeowners to appeal directly to the Board of Review. These changes were not communicated to Detroit homeowners in individualized notices but were announced through news articles and during a public City Council meeting.

Plaintiffs seek to represent a proposed class of homeowners in the City of Detroit who received untimely or otherwise inadequate notice of the property tax assessments in 2017 (the "Detroit Homeowners Class"). Plaintiff Stevenson also seeks to represent Detroit homeowners whose appeal rights were thwarted by improper notice and who are currently or were unlawfully over-assessed in 2017 by the City of Detroit, resulting in the overpayment of property taxes (the "Overpaying Subclass"); Detroit homeowners who were over-assessed and received deficient and untimely notice by the Detroit Defendants and are considered delinquent on their property taxes for 2017, resulting in the accumulation of delinquency fines and fees (the "Delinquent Subclass"); and Detroit homeowners who were given improper notice and over-assessed by the Detroit

3

Defendants and are delinquent on their property taxes for 2017, subjecting them to foreclosure by Wayne County (the "Foreclosure Subclass"). (ECF No. 1, PageID.32-33.) Plaintiffs seek the following prospective remedies: an injunction requiring the Detroit Defendants guarantee timely service of property tax assessment notices in all future years and an injunction requiring, if future assessment notices are delayed, the Detroit Defendants to automatically extend the appeal deadlines to 30 days after the date of mailing, and to provide individualized notice of the extension; the following retrospective remedies: an injunction requiring the Detroit Defendants to allow Detroit homeowners an opportunity to appeal their 2017 property taxes retroactively, an injunction requiring Wayne County to stop seeking foreclosure and to stop foreclosure proceedings against Detroit homeowners who belong to the Foreclosure Subclass, and Damages paid by the Detroit Defendants and Wayne County in an amount to be determined at trial; and the following declaratory remedies: a declaration that the Detroit Defendants violated the due process rights of Detroit homeowners under the U.S. and Michigan Constitutions and a declaration that Wayne County was unjustly enriched with foreclosure and delinquency-related proceeds stemming from over-assessments that could not be appealed in 2017 because of the due process violation.

**II.     Legal Standard**

"[C]lass actions represent a significant departure from 'our constitutional tradition of individual litigation.'" *Weidman v. Ford Motor Co. (In re Ford Motor Co.)*, 86 F.4th 723, 725 (6th Cir. 2023) (quoting *Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1233 (11th Cir. 2016)). "Federal Rule of Civil Procedure 23 serves as a gatekeeper to class

4

certification" and imposes "four threshold safeguards: numerosity, commonality, typicality, and adequacy." *Id.* at 726. More specifically,

> the plaintiffs must show that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."

*Glazer v. Whirlpool Co. (In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.)*, 722 F.3d 838, 850 (6th Cir. 2013) (quoting Fed. R. Civ. P. 23(a)). While district courts enjoy "broad discretion" in deciding whether class certification is appropriate, they must conduct a "rigorous analysis" that shows that all four Rule 23(a) prerequisites are met prior to certifying a class. *Weidman*, 86 F.4th at 726-27 (citations omitted). In addition, the plaintiffs must satisfy at least one subsection of Rule 23(b). *Glazer*, 722 F.3d at 850 (citations omitted).

### III. Analysis

Plaintiffs argue that the Court should certify their proposed class and subclasses because their claims satisfy the threshold criteria set forth in Rule 23(a) and this case meets the requirements for certification in Rule 23(b)(3) or, alternatively, in Rule 23(b)(1)(A) or (b)(2). Defendants argue Plaintiffs lack standing to bring their claims, but that even if they have standing, they cannot meet the requirements set forth in Rule 23.

#### A. Standing

To have Article III standing to sue in federal court, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted).

On appeal, the Detroit Defendants "briefly" raised the issue of standing and argued that Plaintiffs "do not have standing to seek declaratory relief because they allege only past injuries." *See Howard*, 40 F.4th at 425 n.5. The Sixth Circuit rejected this challenge, noting that Plaintiffs "pled ongoing injury from untimely tax assessment notices, including current tax delinquencies and foreclosure proceedings stemming from the 2017 property tax assessments." *Id.* This Court also addressed the issue of whether Plaintiff Stevenson has standing to bring an unjust enrichment claim against Wayne County in its opinion and order on the County's motion to dismiss. (*See* ECF No. 78, PageID.1676-77.) The Court found Plaintiff Stevenson's allegations regarding his home being over assessed and the initiation of foreclosure proceedings sufficient to confer standing. (*See id.*)

Defendants assert that Plaintiffs were not even entitled to a mailed tax assessment notice in 2017 because their assessments did not increase from the prior year. But this argument goes to the merits of Plaintiffs' due process claim. Moreover, Mr. Horhn testified that it is "City of Detroit policy" to send assessment notices to all residential property owners regardless of any change from the previous year. (ECF No. 67-3, PageID.1279.) Defendants also emphasize that Plaintiffs stated during their depositions that they did not consider filing an appeal of their 2017 assessments. But the Court declines to find this testimony dispositive where Plaintiffs' claims are premised on allegedly deficient notices. The discovery that has been completed demonstrates that Plaintiff Stevenson paid delinquent taxes along with fines, fees, and interest for the 2017 year. (*See* ECF No. 90-6, PageID.2005-06.) Wayne County has also initiated foreclosure proceedings against his home. While it is still not clear at this stage if the delinquencies and possible

6

foreclosure are a result of any over-assessment, the evidence does not preclude that possibility. Thus, the Court finds that Plaintiffs have standing to bring their claims.

**B.     Rule 23**

The Court will begin its analysis with Rule 23(b), because if Plaintiffs cannot satisfy at least one of Rule 23(b)'s subsections, class certification is inappropriate. Plaintiffs seek certification under Rule 23(b)(3) but also invoke Rule 23(b)(1)(A) and (b)(2) in the alternative.

For a Rule 23(b)(3) class,

> the plaintiff . . . must show predominance (that the questions of law or fact common to class members predominate over any questions affecting only individual members), superiority (that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy), and ascertainability (an implied requirement that the putative class members can be readily identified based on the class definition).

*Tarrify Props., LLC v. Cuyahoga Cnty.*, 37 F.4th 1101, 1105-06 (6th Cir. 2022) (internal quotation marks and citation omitted). In *Tarrify*, the plaintiff sought relief on behalf of owners of tax-foreclosed properties in which the total value of the property exceeded the amount of the impositions on the property at the time the transfer to a land bank occurred. *See id.* at 1105. The Sixth Circuit affirmed the denial of a motion to certify the class under Rule 23(b)(3), stating that "the district court reasonably rejected this class-certification motion given the individualized nature of each inquiry into the fair market value of each property at the time of transfer." *Id.* at 1107. The court acknowledged that it typically analyzes each Rule 23 requirement independently but noted that "elusive class composition" undermines efforts to meet all three requirements. *Id.* at 1106.

Here, identifying who is in all three proposed subclasses—the Overpaying Subclass, the Delinquent Subclass, and the Foreclosure Subclass—requires an

7

individualized fact-intensive inquiry as to the true cash value of the property to determine whether it was over-assessed. Because "mini-trials" may "become necessary to determine who is in and who is out, the class-action vehicle imposes inefficiencies rather than ameliorates them." *See id.* at 1106 (internal quotation marks and citation omitted). And while the Detroit Homeowners Class—all homeowners "who received untimely or otherwise inadequate notice" of their property tax assessments in 2017—does not call for the same type of individualized inquiry, it is overbroad.[4] *See McGee v. East Ohio Gas Co.*, 200 F.R.D. 382, 388 (S.D. Ohio 2001) (noting that "[c]ommon class certification issues include evaluating proposed classes that are ill-defined or too broad"). All members of the Class received the same notice, but there are not enough other similarities amongst the members to make a class action a better way to adjudicate their claims. In sum, the proposed class and subclasses do not satisfy the requirements in Rule 23(b)(3).

Plaintiffs also request certification under Rule 23(b)(2). This subsection applies when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). But as Plaintiff themselves acknowledge, an injunction is only "appropriate where parties 'suffered a constitutional violation and will suffer continuing irreparable injury for which there is no adequate remedy at law,'" (*see* ECF No. 74, PageID.1593 (quoting *Wedgewood Ltd.*

---

[4] To the extent Plaintiffs suggest that the Delinquent Subclass should include all homeowners with a delinquency irrespective of whether that delinquency was a result of a 2017 over-assessment and that the Foreclosure Subclass should include all homeowners who had a foreclosure initiated against them irrespective of whether the foreclosure was a result of the over-assessment, those subclasses are too broad as well.

*P'ship v. Twp. of Liberty*, 610 F.3d 340, 349 (6th Cir. 2010))), and here "damages can remedy the harm Plaintiffs experienced," (*see id.*). Moreover, the Supreme Court has held that Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360-61 (2011). While the Court held open the possibility that Rule 23(b)(2) certification might be appropriate when monetary relief is "incidental to requested injunctive or declaratory relief," such incidental damages would not require additional hearings or individualized determinations. *See id.* at 365-66 (internal quotation marks and citation omitted). Here, a determination as to the class members' damages would require individual litigation. Thus, Rule 23(b)(2) certification is not appropriate.

Next, the Court addresses Rule 23(b)(1)(A). This subsection applies when "prosecuting separate actions by or against individual class members would create a risk of . . . inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ. P. 23(b)(1)(A). The Sixth Circuit has found that the same considerations that limit certification of a class seeking monetary relief under Rule 23(b)(2) and *Dukes* apply under Rule 23(b)(1). *See Clemons v. Norton Healthcare Inc.*, 890 F.3d 254, 281 (6th Cir. 2018). The Court does not find this to be the type of case where certification under Rule 23(b)(1)(A) is appropriate.

To "obviate" the concerns under *Tarrify*, Plaintiffs propose a "staged process" in which any remedy for the Delinquent and Foreclosure Subclass members is stayed until a later stage of the case. (*See* ECF No. 95, PageID.19148-49.) Plaintiffs posit that "the most straightforward relief" is a class-wide "injunction permitting those who were denied

9

a fair opportunity to appeal their 2017 property tax assessment a chance to do so now," which they state "would commit taxation and valuation issues to the Michigan administrative bodies best suited to deal with them." (*Id.*) Thus, under Plaintiffs' proposal, the stay would remain in place until the appeals are completed for the broader Detroit Homeowners Class. (*See id.*) But, as the Court found above, certification under Rule 23(b)(2) is not appropriate here. And this suggestion illustrates why the requirements for class certification under Rule 23(b)(3)—especially superiority—are not satisfied. In sum, Plaintiffs have not met their burden of proving that the proposed class and subclasses satisfy Rule 23.

## IV.     Conclusion

For the foregoing reasons, Plaintiffs' motion for class certification is DENIED. This case will proceed on behalf of the three remaining plaintiffs only.

SO ORDERED.

> s/Nancy G. Edmunds
> Nancy G. Edmunds
> United States District Judge

Dated: September 30, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2024, by electronic and/or ordinary mail.

> s/Marlena A. Williams
> Case Manager